HON. J. PHILIP ZAND Town Justice, New Paltz
We acknowledge receipt of your letter inquiring whether the change in the form of town government of towns of the second class mandated by Chapter 739 of the Laws of 1976 which, by its own terms, is not to be effective until July 1, 1977, supersedes the optional power of a town of the second class to make such a change. The optional power is contained in present Town Law §60-a, hereinafter referred to as "present" law. The mandatory change is effective July 1, 1977, and is accomplished by addition of a new Uniform Justice Court Act § 105, subdivision (d), repeal of Town Law §§ 60 and 60-a and enactment of new §§ 60 and 60-a to replace them and is hereinafter referred to as "pending" law. Either method of change removes from town justices their legislative function and membership on town boards, replaces town justices on town boards by town councilmen and preserves and continues to the town justices their judicial functions.
Both the present and pending law apply to towns of the second class in which the town boards consist of a supervisor, two town councilmen and two town justices. Hereinafter, reference to towns or town boards should be understood to be only to those towns and town boards.
A reduction in number of town councilmen and/or town justices is also authorized in the pending law. You did not indicate that any such change is contemplated in your town and this opinion is written upon the assumption that it is not.
An analysis of the stages of progress and effectiveness of the change under both the present and the pending laws is necessary in order to answer your question. An informal opinion of this office, published in 1971 Op. Atty. Gen. 159, copy enclosed for your convenience, discusses the timetable for the optional change under the present law, which allows the town board, by resolution adopted at least 150 days prior to the next biennial town election (which will be held on November 8, 1977) and subject to a permissive referendum, to determine that the town justices shall be replaced as members of the town board by town councilmen and that the justices thereafter will serve only in a judicial capacity. If no referendum is held or if held and approved, a town justice whose term will expire on December 31, 1977, will be succeeded through election at the biennial town election in 1977 by three officers, two of whom will be town councilmen whose terms are provided for in the statute and by one town justice whose term of office will be four years. Commencing on January 1, 1978, the town board will consist of the supervisor and four town councilmen; the newly elected town justice will serve only in a judicial capacity and the other town justice, whose term will continue for another two years, will function only in a judicial capacity and will cease to be a member of the town board.
The Legislature in enacting the pending law could have made the repeal of the present law effective immediately even though the other provisions of the pending law were not to take effect until July 1, 1977. It did not do so. Consequently, if a town can complete the necessary steps to make the change prior to the effective date of the pending law, there is no legal impediment.
The pending law amends the Uniform Justice Court Act by adding a new subdivision (d) to section 105 to provide that no town justice selected for a term of office commencing on or after July 1, 1977, shall serve as a member of a town board and also repeals, effective on July 1, 1977, the present Town Law §§ 60
and 60-a and replaces them with new provisions in sections similarly numbered. As a result, at the biennial town election in 1977 one town justice will run for a four year term for a function which will be solely judicial and, to replace the justice as a member of the town board, one additional town councilman will be elected and the second town justice, whose successor will not be elected until the biennial town election in 1979, will continue to perform the combined functions of town justice and member of the town board but the successor, who will be elected at the biennial town election in 1979, will perform only a judicial function; and at the biennial election in 1979, one additional town councilman will be elected to succeed to the second justice's legislative function on the town board.
If a town board passes a resolution under the present law a substantial enough length of time before July 1, 1977 so that a petition for a referendum can be filed prior to that date, and if no petition for a referendum is filed, then the optional change under the present law has been made prior to the effective date of the pending law so at the biennial election in 1977, town officers will be elected as above described in accordance with the present law. If a referendum is conducted and if it is held prior to the effective date of the pending law and is approved, a similar result is achieved. Such a referendum can be conducted as a special town election and need not wait until a biennial town election. There will not be authority after July 1, 1977 for a town board to act in any respect under the present law. All necessary acts and procedures to make the change, including a referendum or the delay in effectiveness during the period when a petition demanding a referendum may be filed, must be completed by that time.
In our opinion, a town board may still exercise the option contained in the present law if all the necessary steps to make the change effective are completed prior to the effective date of the pending law which is July 1, 1977; in the event a town board elects to exercise the option contained in the present law and a referendum is held and defeated, the change mandated by the pending law will go into effect as above explained. The rejection of the change at the referendum under the present law can not defeat the effectiveness of the mandatory change under the pending law.
You also inquire whether the mandatory change under the pending law will be expedited in its complete implementation if a vacancy occurs in the office of a town justice, which term would normally expire on December 31, 1979.
In our opinion, a vacancy in the office of town justice is not relevant to the date of effectiveness of the pending law or of alteration in the functions or duties of a town justice. The applicability of the pending law and its implementation are keyed to the date of commencement of a regular four year term of office and not to the date of creation of a vacancy in office or the time of selection of a successor to complete a term of office.
In addition, you inquired concerning grounds and procedure for removal of a town justice. The Constitution, Article VI, § 22, subdivision (i), provides that such a judge may be removed for cause or retired for disability by the Appellate Division of the Supreme Court of the judicial department of his residence, after due notice and a hearing in the manner provided by law. The Legislature has made provision by law for removal in Judiciary Law § 429. Questions concerning the removal of a town justice should be addressed to the Appellate Division of the judicial department in which your town lies.
(See also Informal Attorney General's Opinion dated Nov. 29, 1976 addressed to Hon. J. Philip Zand, 1976 Atty. Gen. 314).